# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., <br><br> Plaintiff <br><br> v. <br><br> VIA VALENCIA/VIA VENTURE HOMEOWNERS ASSOCATION, et al., <br><br> Defendants | Case No.: 2:16-cv-00274-APG-BNW <br><br> **Order (1) Granting Plaintiff's Motion for Summary Judgment and (2) Denying as Moot Defendant Via's Motion for Summary Judgment** <br><br> [ECF Nos. 68, 69] |

Plaintiff Bank of America, N.A. sues to determine whether its deed of trust encumbering property located at 9732 Mount Cupertino Street in Las Vegas, Nevada was extinguished by a nonjudicial foreclosure sale conducted by a homeowners association (HOA), defendant Via Valencia/Via Ventura Homeowners Association (Via). Defendant Saticoy Bay LLC-Series 9732 Mount Cupertino (Saticoy) purchased the property at the foreclosure sale. Bank of America seeks a declaration that its deed of trust still encumbers the property and it asserts damages claims against Via and Via's foreclosure agent, defendant Absolute Collection Services, LLC (Absolute). Saticoy counterclaims to quiet title in itself.

Saticoy previously attempted to pursue settlement in this case and requested a payoff amount for the deed of trust. ECF No. 44. In its request for a settlement conference, Saticoy admitted that the foreclosure agent announced at the foreclosure sale that the superpriority portion of the lien had been paid and that Saticoy thus "acquired the title to the property subject to the bank[']s deed of trust." *Id.* at 2. Bank of America responded that it had already provided a payoff statement to Saticoy. ECF No. 45. The parties thereafter provided a status report in which

they stated that a settlement conference would not be fruitful because Saticoy was "not currently in a position to pay off" the deed of trust. ECF No. 51 at 2.

Bank of America moves for summary judgment, arguing there is no genuine dispute it tendered the superpriority amount and Saticoy took the property subject to the deed of trust. Saticoy responds by requesting a payoff statement and a settlement conference. Alternatively, it argues that Bank of America's declaratory relief claim is barred by waiver, estoppel, and unclean hands. Saticoy further contends that Bank of America has an adequate remedy at law. Saticoy also argues that the HOA's belief as to whether it was foreclosing on only a subpriority lien is irrelevant and that Bank of America has not shown any fraud, oppression, or unfairness to set aside the sale.

Via moves for summary judgment, arguing that the foreclosure sale was not wrongful because the notices did not have to state the superpriority amount and because Via announced at the sale that the superpriority portion had been paid. Bank of America responds that if I grant its summary judgment motion against Saticoy, then its damages claims against Via are moot.

The parties are familiar with the facts so I do not repeat them here except where necessary. I grant Bank of America's motion for summary judgment because no genuine dispute remains that Bank of America tendered the superpriority amount, Absolute cashed the check, and Absolute announced at the foreclosure sale that the superpriority lien had been paid off. ECF Nos. 68-5; 68-6 at 9-12; 68-8 at 8. Saticoy admits these facts. ECF No. 44 at 2. And it presents no evidence that would raise a genuine dispute as to these facts. Saticoy thus took title to the property subject to the deed of trust. *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018) (en banc).

Saticoy argues that Bank of America's declaratory relief claim is barred by waiver, estoppel, and unclean hands. However, Bank of America has "not waived its right to protect its deed of trust, is not estopped from asserting that right, nor does it have unclean hands because it allowed [the HOA's] foreclosure to proceed without interceding to halt the foreclosure" because Bank of America satisfied the superpriority portion of the lien before the foreclosure, so it was "under no obligation to intercede or halt the foreclosure once [they] protected [their] own interest." *Bank of New York Mellon v. Green Valley S. Owners Ass'n*, No. 1, No. 2:17-CV-2024-KJD-EJY, 2019 WL 4393356, at *6 (D. Nev. Sept. 13, 2019); *see also Bank of America, N.A.*, 427 P.3d at 119-21 (tender need not be recorded or deposited into court).

Saticoy further contends that Bank of America has an adequate remedy at law. I have previously rejected this argument in similar cases. *See, e.g.*, *Bank of Am., N.A. v. Saticoy Bay LLC Series*, No. 17-CV-02808-APG-CWH, 2018 WL 3312969, at *2 (D. Nev. July 5, 2018). I reject it again here.

Finally, Saticoy argues that the HOA's belief as to whether it was foreclosing on only a subpriority lien is irrelevant and that Bank of America has not shown any fraud, oppression, or unfairness to set aside the sale. Bank of America's tender preserved the deed of trust by operation of law, so I need not refer to the HOA's understanding of the lien or to whether the facts support equitably setting aside the sale. *Bank of Am., N.A.*, 427 P.3d at 120-21.

I do not order a settlement conference because the parties have previously represented to the court that it would not be productive. ECF No. 51. Moreover, contrary to Saticoy's representations, Bank of America has previously provided payoff statements to Saticoy. ECF Nos. 51 at 2; 76-1 at 6; 76-2 at 6. Nothing prevented Saticoy from making a settlement offer to Bank of America outside the confines of a settlement conference.

Finally, because I am granting Bank of America's motion for summary judgment on its declaratory relief claim, I dismiss as moot its damages claims against Via and Absolute. I thus also deny as moot Via's motion for summary judgment.

I THEREFORE ORDER that plaintiff Bank of America, N.A.'s motion for summary judgment **(ECF No. 68) is GRANTED**. The clerk of court is instructed to enter judgment in favor of plaintiff Bank of America, N.A. and against defendant Saticoy Bay LLC-Series 9732 Mount Cupertino as follows: It is hereby declared that the homeowners association's non-judicial foreclosure sale conducted on June 17, 2014 did not extinguish the deed of trust, and the property located at 9732 Mount Cupertino Street in Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that plaintiff Bank of America, N.A.'s damages claims against defendants Via Valencia/Via Ventura Homeowners Association and Absolute Collection Services, LLC are DISMISSED as moot.

I FURTHER ORDER that defendant Via Valencia/Via Ventura Homeowners Association's motion for summary judgment **(ECF No. 69) is DENIED as moot**.

I FURTHER ORDER that the clerk of court is instructed to close this case.

DATED this 17th day of December, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE